In the US Court of Federal Claims

John W. Markham

v.

The United States

No. 25-2049 C

Received – USCFC
DEC – 2 2025

## Complaint

This complaint, as filed by the plaintiff John W. Markham, concerns a federal employment contract that I held directly with the Dept. of the Army at Madigan Army Medical Center as a cardiac perfusionist. This contract was guaranteed for 15 years. This contract began in 08-01-2007, & was illegally terminated in 11-15-2009.

This complaint involves the following issues; 1) The theft of $27,903.00, 2) wrongful termination, 3) defamation, 4) contract fraud & 5) discrimination.

**Jurisdiction** – The following statutes giver the U.S. Court of Federal Claims jurisdiction over the federal employment contract with the Dept. of the Army; a) The Tucker Act – 28 USC 1491 & b) The Contract Disputes Act (CDA) 41 USC 7101-7109.

page 1

In the US Court of Federal Claims

John W. Markham
  v.                                    No. ___
The United States

## Complaint

The following constitutes a challenge to the statute of limitations for these matters:

a) I had immediately informed my contracting officer, Mr. Michael Foster, on at least three different occasions. Mr. Foster did nothing. He did not inform me of my rights, nor of the procedures necessary to resolve these matters. Consequently, this plaintiff has spent literally years seeking legal help from various law firms, law school clinics, government agencies, legal aid societies, etc.

b) There are no statute of limitations for the civil prosecution of felony theft.

c) The Attorney General of Iowa investigated this theft of $27,403.00 & gave me a current right to sue.

D) The Contract Disputes Act 41 USC 7101 allows for "equitable tolling" for statute of limitations on these federal contracts.

page 2

In the U.S. Court of Federal Claims

John W. Markham

v.                                    No. ____

The United States

## Complaint

E) In November of 2023, I met with a Mr. Joshua Voight from Army CID. During this meeting I became aware of new evidence from an investigation conducted by Army CID. I have a FOIA request from Army CID for this new evidence, FA 25-2815. I have a right to review based on this new evidence.

F) I did not become aware of this contract fraud until four years ago (2021). In Corner Post Inc. v. BOG of the Federal Reserve 28 USC 2401, the statute of limitations thus becomes lengthened.

6) I have a well documented history of trying to resolve these matters. One example, in 2020 I brought a case to the Merit Service Protection Board as a pro se litigant, case # 3443-20-0726-I-1. I later found out that the MSPB deals with federal employees, not contractors.

page 3

In the United States Court of Federal Claims

John W. Markham
v.
the United States

No. ____

## Complaint

Specific issues with this complaint;

1) Theft of $27,403.00. The Attorney General of Iowa investigated & confirmed this theft & gave me a current right to sue. I have included a copy of the AG investigation & bank statement as proof.

2) Contract Fraud. I have included a copy of an "amended contract" which is entirely fraudulent. I have a FOIA request with Army CID for the original, and only valid, contract. FA 25-2815.

3) Wrongful termination, discrimination & defamation. New evidence from an Army CID investigation confirms these assertions. FOIA request FA 25-2815.

page 4

In the U.S. Court of Federal Claims

John W. Markham
  v.                              no. _____
The United States

## Complaint

The plaintiff had 12.3 years on a contract at $33,000 per month. That amount equals $4,870,800. The False Claims Act, 31 USC 3729(a)(1) allows for treble damages. Therefore, the plaintiff demands judgment against the United States in the amount of $14,612,400, with interest and any punitive amounts allowed.

In terms of the theft of $27,403, the plaintiff demands judgement of $800,000 which includes interest. Any punitive amounts to be added would be accepted.

Thus for the discrimination, wrongful termination, contract fraud, theft & defamation this plaintiff demands judgment against the United States in the amount of $15,412,400, with interest to be added to the contractual amount & punitive damages added to the theft & contract amounts.

11-22-2025

[signature]

John Warren Markham
4523 Sugar Pine Dr. NE
Cedar Rapids, IA 52402
ph 319 491-5759
jwmcpa1e@gmail.com

page 5

In the US Court of Federal Claims

John W. Markham

v.

The United States

No. _____

## Complaint

Also, as a result of these matters, I was forced to go on Medicaid. Therefore, this plaintiff demands judgement against the United States that any Medicaid reimbursement be waived.

11-22-'25

page 6